# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, | : : | Case No. 1:19-cv-25 |
| Plaintiff, | : : | Judge Timothy S. Black |
| vs. | : : | |
| LORIN BUCKNER, *et al.*, Defendants. | : : | |

## ORDER REMANDING THIS CASE
## TO THE BUTLER COUNTY, OHIO, COURT OF COMMON PLEAS

### I. INTRODUCTION

This case is before the Court pursuant to a *sua sponte* review of the Notice of Removal filed by Defendant Lorin Buckner. Mr. Buckner removed this case from the Butler County Court of Common Pleas ("State Court"), where it was originally commenced in 2010 under Case Number 2010 01 0035 ("State Court Case"). The following facts are taken from the Notice of Removal and the exhibits attached thereto, as well as the State Court's online docket.

### A. State Court Case.[1]

In January 2010, Plaintiff filed a complaint in foreclosure against, *inter alia*, Mr. Buckner. (Doc. 2). The Complaint alleges Plaintiff is the holder of a promissory note ("Note") executed by Mr. Buckner (and Renee Buckner) and the Note is in default. (Doc.

---

[1] Most of the facts in this section are taken from the State Court's online docket, which is available to the public. The Court takes judicial notice of the State Court's online docket. *See Lynch v. Leis*, 382 F. 3d 642, 648 n.5 (6th Cir. 2004).

2 at ¶¶ 1-2). The Complaint asserts two claims, both of which arise exclusively under state law: Count One seeks judgment on the amount due under the Note, and Count Two seeks to foreclose a mortgage ("Mortgage") that secures the note. (*Id.* at ¶¶ 1-7). The Mortgage encumbers property located at 6119 Creekside Way, Hamilton, Ohio, 45011 ("Property").

Mr. Buckner was served with the Complaint on January 9, 2010. Mr. Buckner (and Renee Buckner) filed an answer on January 19, 2010. On April 30, 2010, the State Court granted Plaintiff's motion for summary judgment, entered judgment in favor of Plaintiff for the amount due under the Note, and ordered that the Mortgage be foreclosed and the Property sold via Sheriff's sale.

On December 10, 2018, Plaintiff filed a Notice that the Sheriff's sale of the Property would occur on January 17, 2019.

On January 8, 2019, Mr. Buckner filed a motion for a temporary restraining order that asked the State Court to enjoin the January 17, 2019, Sheriff's sale of the Property.

**B.     Mr. Buckner's Notice of Removal.**

On January 8, 2019, Mr. Buckner filed a Notice of Removal in this Court. The Notice of Removal states two grounds for this Court's jurisdiction. First, Mr. Buckner claims jurisdiction is proper under 28 U.S.C. § 1332(a) because the parties are diverse and because the amount in controversy (the value of the Property) exceeds $75,000. (Doc. 1 at 5-7).

Second, Mr. Buckner argues this Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's commencement of this lawsuit constitutes a violation of

the Fair Debt Collection Practices Act ("FDCPA") and violates Mr. Buckner's constitutionally-protected due process rights. (Doc. 1 at 7-14). Mr. Buckner also states Plaintiff is "trafficking in illegal securities" in violation of several federal statutes. (*Id.* at 3).

## II.    STANDARD

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A district court is required to remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c). When the notice of removal is jurisdictionally deficient, a district court is <u>required</u> to remand the case even absent a motion to remand. *See Probus v. Charter Comms., LLC*, 234 F. App'x 404, 406 (6th Cir. 2007) (district court erred by failing to remand *sua sponte* for lack of diversity removal jurisdiction); *Lexington-Fayette Urban Cty. Gov't Civil Comm'n v. Overstreet*, 115 F. App'x 813, 817-18 (6th Cir. 2004) (district court erred by failing to remand *sua sponte* for lack of federal-question removal jurisdiction).

## III.    ANALYSIS

After a *sua sponte* review of the Notice of Removal and all filings in this matter, the Court concludes that it does not have subject matter jurisdiction over this dispute.

The two bases for jurisdiction stated in the Notice of Removal both fail as a matter of clearly established law.

First, Mr. Buckner's argument that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) is wrong because Mr. Buckner is a resident of Ohio, and accordingly, cannot remove this case from an Ohio state court.[2] 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Second, Mr. Buckner's argument that this Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff violated the FDCPA, Mr. Buckner's constitutional rights, and other federal statutes fails as a matter of law because removal can only be based on a theory advanced by the Plaintiff on the face of the Complaint. *See Her Majesty the Queen in Right of Province of Ontario v. City of Detroit*, 874 F.2d 332, 344 (6th Cir. 1989) (citations omitted). Plaintiff's complaint does not raise a federal question, it merely asserts state law claims for judgment under the Note and to foreclose the Mortgage. The fact that Mr. Buckner purports to have federal defenses or counterclaims is not sufficient to establish federal-question jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[A] case may *not* be removed to federal court on the basis of a federal defense[.]") (emphasis in original).

---

[2] The Notice of Removal (Doc. 1) states Mr. Buckner's address is at the Property, in Hamilton, Ohio. The Civil Cover Sheet (Doc. 1-6) states that Mr. Buckner resides in Butler County, Ohio.

Mr. Buckner's Notice of Removal references the "Artful Pleading Doctrine." (Doc. 1 at 7). The Artful Pleading Doctrine refers to the principle that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1988) (citations omitted). Mr. Buckner's attempt to invoke this doctrine is not availing as he has not explained how the doctrine applies to Plaintiff's complaint (*i.e.*, what federal issues Plaintiff allegedly omitted). Nor does Plaintiff allege what federal questions are implicated by Plaintiff's straightforward collection and foreclosure claims, and this Court finds there are none.

## IV. CONCLUSION

After a *sua sponte* review of all filings in this matter, the Court determines it does not have jurisdiction over this state-law foreclosure lawsuit. Specifically, Mr. Buckner's attempt to invoke diversity jurisdiction under 28 U.S.C. § 1332(a) fails because Mr. Buckner is an Ohio resident and cannot remove this case from an Ohio state court, and Mr. Buckner's attempt to invoke federal-question jurisdiction under 28 U.S.C. § 1331 fails because Plaintiff's complaint asserts only state law claims. As required by 28 U.S.C. § 1447(c), this case is **REMANDED** to the State Court from which it was removed. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 1/16/19

/s/ *Timothy S. Black*
Timothy S. Black
United States District Judge